UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTONIO CASTILLO-PEREZ,

      Petitioner,

v.                                          Case No. 8:10-cv-1157-T-24MAP
                                                                            8:08-cr-527-T-24MAP

UNITED STATES OF AMERICA,

      Respondent.
_____/

**ORDER**

This cause comes before the Court on Petitioner Antonio Castillo-Perez's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (Civ. Doc. No. 1.)  The Government filed a response in opposition to the motion.  (Civ. Doc. No. 7.)  Petitioner filed a reply.  (Civ. Doc. No. 8.)

**I.    Background**

From an unknown date through December of 2008, Petitioner and others were knowing and willing participants in a maritime drug smuggling conspiracy in the Eastern Pacific Ocean. The objective of this conspiracy was to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States.

The United States Coast Guard observed a sailing vessel, the FV EMPERATRIZ I, carrying a Sierra Leone flag in international waters, and received permission from that country to board and search the vessel.  The seized cocaine was estimated to weigh 5,337 kilograms. Petitioner was among the nine crewmembers.  Once Sierra Leone government officials were advised of the cocaine, they gave jurisdiction over the vessel, crew, and contraband to the United

States. After being advised of his Miranda rights, and during his debriefing by law enforcement, Petitioner acknowledged his involvement in transporting cocaine.

In February of 2009, Petitioner pled guilty pursuant to a written plea agreement to Count One of the indictment, which charged him with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). In the plea agreement, Petitioner expressly waived his right to appeal his sentence. Petitioner was sentenced on May 19, 2009 to 120 months of imprisonment. He did not file a direct appeal.

Thereafter, on May 19, 2010, Petitioner filed the instant § 2255 motion. He challenges his sentence on multiple grounds, including that his plea was not knowing and voluntary, that the Court lacked jurisdiction, and that the Government failed to disclose exculpatory evidence. The Government concedes, and the Court finds, that the § 2255 motion was timely filed.

**II.     Discussion**

Petitioner asserts four grounds for relief: (1) that his plea was involuntary because he failed to understand his charges or the consequences of pleading guilty; (2) that his conviction was obtained by use of a coerced confession; (3) that the Court lacked jurisdiction over his conviction because his Fourth Amendment rights were violated during his arrest; and (4) that the Government failed to disclose exculpatory evidence relating to "sovereign duality and the treaties between the United States, El Salvador and Guatemala."

Before addressing the merits of these grounds for relief, the Court first must determine whether they must be dismissed for lack of cognizability, whether they have been waived, and

whether they are procedurally defaulted.

### A. Cognizability and Waiver

The "threshold inquiry" is whether Petitioner's grounds for relief are cognizable under Section 2255. *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998). Collateral review pursuant to 28 U.S.C. § 2255 is not a substitute for direct appeal. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). "[R]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quotations and citations omitted). "Accordingly, a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Id.* at 1232-33 (quotations and citations omitted).

In Grounds One and Two, Petitioner alleges that his plea was not knowing and voluntary. A defendant who pled guilty may file a Section 2255 motion to raise a claim that his plea was not knowing and voluntary. *Bousley v. United States*, 523 U.S. 614, 618-19, 118 S. Ct. 1604, 1609 (1979). Therefore, Grounds One and Two of Petitioner's motion are cognizable.

Petitioner's third ground for relief is that the Court lacked jurisdiction over his conviction because his Fourth Amendment rights were violated during his arrest. He contends that his "conviction [was] obtained by use of evidence gained pursuant to an unconstitutional search and seizure." He further states that "[t]he activities involved were extraterritorial to the United States, [and] as a result the court was without jurisdiction."

This ground for relief is not cognizable. Fourth Amendment claims are not cognizable on collateral review so long as the defendant had a "full and fair" opportunity to litigate the claim at trial or on direct appeal. *Stone v. Powell*, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052 (1976) (ruling that, "where the [Government] has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a . . . prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was [used to prosecute him]"). Petitioner had a "full and fair" opportunity to raise any claim regarding the fairness of his arrest, but he did not do so. Petitioner pled guilty pursuant to a written plea agreement. He stated that he agreed with the factual basis of the plea, and that he was pleading guilty freely and voluntarily. Petitioner did not object to the Court's jurisdiction. As a result, Ground Three of his petition is not cognizable.

Furthermore, the Court concludes that Petitioner waived his right to bring any claim based on the fairness of his arrest by pleading guilty. It is well established that a voluntary, unconditional guilty plea "waives all nonjurisdictional challenges to the constitutionality of the conviction" that arose before the guilty plea. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). Petitioner waived any challenge to his arrest when he failed to assert that challenge before pleading guilty. Accordingly, Petitioner is not entitled to any relief on Ground Three of his petition because his claim that his Fourth Amendment rights were violated during his arrest is not cognizable, and because he waived any right to bring this claim when he pled guilty.

In Ground Four, Petitioner alleges that the Government failed to disclose exculpatory evidence relating to "sovereign duality and the treaties between the United States, El Salvador and Guatemala." It is unclear what exculpatory evidence Petitioner contends should have been

disclosed to him; nevertheless, this claim is not cognizable because Petitioner could have raised this claim on direct appeal, but failed to do so. Accordingly, Petitioner is not entitled to any relief on Ground Four of his petition because his claim that the Government failed to disclose exculpatory evidence is not cognizable.

      C.      **Procedural Default**

Petitioner is not entitled to any relief on Ground Four for the additional reason that this ground for relief is procedurally defaulted. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn*, 365 F.3d at 1234. "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule[:]" (1) when the defendant shows "cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error[;]" or (2) when the defendant shows that he is "actually innocent." *Id.* The procedural default rule is designed "to conserve judicial resources" and to promote "respect [for] the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693 (2003).

Here, Petitioner has failed to explain why he did not raise his claim that the Government failed to disclose exculpatory evidence to this Court, or on direct appeal, nor has he shown how he was prejudiced from the alleged error. Additionally, there is no evidence establishing that Petitioner is actually innocent of the charged crimes.

### D. Merits

The Court now turns to the merits of Petitioner's remaining claims. In Grounds One and Two, Petitioner contends that his guilty plea was not knowing and voluntary for several reasons. He contends that he failed to understand his charges or the consequences of pleading guilty, that his counsel coerced him into signing the plea agreement by telling him that if he did not sign it, he would be sentenced to 40 years' imprisonment, and that his counsel failed to properly investigate the factual basis of the plea, and therefore he is actually innocent of the crime charged.

A criminal defendant has the constitutional right to the effective assistance of counsel in deciding whether or not to plead guilty. *Hill v. Lockhart*, 474 U.S. 52, 57-58, 106 S. Ct. 366 (1985). To be voluntary and knowing, (1) a guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). Rule 11 of the Federal Rules of Criminal Procedure explicitly directs the district court not to accept a plea without determining these core concerns. *See* Fed. R. Crim. P. 11(b). Here, the record affirmatively establishes that Petitioner's counsel provided effective assistance in this regard, and refutes Petitioner's claims to the contrary.

The change of plea colloquy confirms that Petitioner's guilty plea was knowing and voluntary. During the change-of-plea hearing, the Court specifically stated that the purpose of the hearing was to establish, "One, that you understand your plea agreement; and Two, that it includes all the promises, as you know them to be, that have persuaded you to plead guilty." Petitioner responded that he understood. The Court then explained the crime Petitioner was

charged with, the rights Petitioner was relinquishing by pleading guilty, and the factual basis of the plea itself. Petitioner responded that he understood. The Court asked Petitioner whether he had discussed his decision to plead guilty with his counsel, and Petitioner responded that he had done so. The Court specifically asked Petitioner whether anyone had promised him anything to force him to plead guilty, whether he was threatened or forced to plead guilty, or whether anyone had done anything unfair to get him to plead guilty. Petitioner responded that he had not been forced to plead guilty, and that, after discussing it with his counsel, it was his decision to plead guilty. The Court specifically asked Petitioner whether he was "a knowing and willing participant in the drug smuggling venture" that was described in the plea agreement, to which Petitioner responded, "yes, sir." The Court asked Petitioner whether he had any questions about his change of plea, but Petitioner did not have any. Finally, the Court found petitioner's plea to be knowing and voluntary and supported by an independent factual basis.

       The transcript of the change-of-plea hearing clearly establishes that Petitioner's guilty plea was knowing and voluntary. At the hearing, Petitioner acknowledged that he understood the charge against him, that he had discussed the plea with his counsel, and that he was pleading freely and voluntarily and without being coerced. Petitioner's arguments in his § 2255 motion that he did not understand his plea, and that he was forced to plead guilty, contradict his sworn statements to the Court and are not supported by anything other than his own conclusory and self-serving arguments.

       Moreover, Petitioner has failed to demonstrate that his counsel was ineffective with regard to Petitioner's decision to plead guilty. To vacate a sentence for ineffective assistance of counsel, Petitioner must demonstrate that his counsel's assistance fell below an objective

standard of reasonable professional assistance, and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065 (1984). Here, Petitioner has not met this burden. Petitioner's conclusory and speculative claim that his counsel coerced him into signing the plea agreement by telling him that if he did not sign it, he would be sentenced to 40 years' imprisonment, and that his counsel failed to properly investigate the factual basis of the plea, is not supported by any factual allegations, and is contradicted by the record. Consequently, Petitioner is entitled to no relief, and his claims are denied as meritless.

    **E.    Statement on Need for Evidentiary Hearing**

A petitioner is entitled to an evidentiary hearing only if his allegations, if proved, would establish his right to collateral relief. *Townsend v. Sain*, 372 U.S. 293, 307, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963). The burden is on the petitioner to establish the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc). Here, Petitioner has not established any basis for an evidentiary hearing because the issues he raises are procedurally defaulted, waived, and lack merit.

**III.    Conclusion**

Having reviewed both the criminal and civil case files including Petitioner's motion, the Government's response, and Petitioner's reply, as well as the transcripts of the change-of-plea and sentencing hearings, the Court finds that Petitioner's § 2255 motion must be **DENIED**. The Clerk is directed to enter judgment against Petitioner in the civil case and to close the civil case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of February, 2011.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner